This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARIA GARZA,**

Plaintiff-Appellant,

**vs.**                                                              **NO. 31,706**

**CITY OF ROSWELL, and**
**JOHN E. CAPPS, CITY MANAGER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Gary L. Clingman, District Judge**

Maria L. Garza
Dexter, NM

Pro se Appellant

Barbara A. Patterson Law Firm, P.C.
Barbara Ann Patterson
Roswell, NM

for Appellees

## MEMORANDUM OPINION

**GARCIA, Judge.**

Maria Garza (Plaintiff) filed a notice of appeal on October 19, 2011 from the district court's oral rulings at an October 14, 2011 hearing. [RP 342] Since no final written orders had been filed at that time, this Court's first calendar notice proposed summary dismissal. [Ct. App. File, CN1] Plaintiff filed a memorandum in opposition to the first calendar notice, and the district court filed a transcript of supplemental record proper, which contains three orders signed by the district court and filed on March 19, 2012. [Supp. RP 386-90] This Court issued a second calendar notice, reaching the merits of the issues on appeal and proposing summary affirmance. [Ct. App. File, CN2] *See Healthsource, Inc. v. X-Ray Assocs.*, 2005-NMCA-097, ¶¶ 11-15, 138 N.M. 70, 116 P.3d 861 (holding that a premature notice of appeal from a non-final order meets the mandatory precondition for the exercise of this Court's jurisdiction when a final order was filed during the pendency of the appeal). Plaintiff has filed a second memorandum in opposition that we have duly considered. [Ct. App. File, MIO2] Unpersuaded, however, we affirm the district court's orders.

**DISCUSSION**

In this case, the district court entered a final judgment on August 18, 1999. [RP 136] The City of Roswell and its City Manager (Defendants) filed an appeal to this Court [RP 139], which resulted in an amended final judgment filed on September 26, 2001. [RP 177] On May 3, 2002, Plaintiff and Defendants executed and filed a

2

satisfaction and release of judgment and release of all claims (the satisfaction of judgment). [RP 296] Under the terms of the satisfaction of judgment, Plaintiff released all claims and causes of action "she now has or may hereafter have" against Defendants in consideration for the sum of $132,165.20. [RP 280, 296]

Almost nine years later, on March 11, 2011, Plaintiff filed a petition to reopen the case, claiming that Defendants had breached the original final judgment filed on August 18, 1999. [RP 304] Plaintiff also attached a motion for contempt [RP 307], a motion to compel [RP 309], and a motion to withdraw satisfaction of judgment and release of all claims. [RP 317] Each of these pleadings alleges that Defendants have breached and failed to comply with the August 18, 1999 final judgment, because they have failed to reinstate Plaintiff to her former position with Defendants. [Id.] Defendants responded to Plaintiff's petition to reopen and her motions, pointing out that the parties had signed the complete satisfaction of judgment on May 3, 2002. [RP 321] Defendants filed a motion asking for their attorney fees and costs for having to respond to Plaintiff's petition to reopen. [RP 321] On April 1, 2011, Plaintiff filed a motion to deny Defendants their attorney fees. [RP 325] On August 25, 2011, Plaintiff filed a motion to preclude defense counsel from conducting ex parte communications. [RP 329] Defendants filed a response to the April 1, 2011 and August 25, 2011 motions, reiterating that on May 3, 2002, Plaintiff had executed the

3

satisfaction of judgment and received the compensation agreed upon, thereby precluding her recovery for the relief requested in her petition and motions. [RP 338]

On October 14, 2011, the district court held a hearing on Plaintiff's petition to reopen and on all pending motions. [RP 364] At the hearing, the district court ruled that the case would be reopened for the hearing on Plaintiff's motions. [RP 364] The district court denied Plaintiff's motion to preclude defense counsel from ex parte communications, denied Plaintiff's motion to withdraw the satisfaction of judgment executed by the parties on May 3, 2002, denied Plaintiff's motion for contempt, and denied Plaintiff's motion to compel. [RP 364-66] As mentioned above, the orders were signed and filed in district court on March 19, 2012. [Supp. RP 386-90] Plaintiff appeals from these orders.

**1.      The Order Denying Plaintiff's Motion to Preclude Defense Counsel From Ex parte Communications**

In the motion to preclude defense counsel from ex parte communications, Plaintiff asserted it was her "firm belief" that Defendants' attorney was having ex parte communications with the district court and with an attorney that Plaintiff was trying to retain to represent her. [RP 329] Apparently, the prospective attorney declined to represent Plaintiff, and Plaintiff believed that Defendants' counsel told him that Plaintiff's case was without merit and would be dismissed. [RP 330] After hearing, the district court determined that "there ha[d] been no *ex parte*

4

communications with either party, and that the Motion should be denied." [Supp. RP 390]

It is the district court that weighs the evidence and determines the credibility of the witnesses. *See, e.g.*, *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder [in this case, the judge] to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *see also, e.g.*, *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support [it]."), *abrogated other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683.

Plaintiff has not provided any facts or authorities in the second memorandum that persuade us that the district court erred in entering the order denying Plaintiff's motion to preclude defense counsel from ex parte communications. We affirm.

**2.      The Order Denying Plaintiff's Motion to Withdraw Satisfaction of Judgment and Release of all Claims due to Breach**

In the motion to withdraw satisfaction of judgment and release of all claims due to breach, Plaintiff argued that the satisfaction of judgment was unconstitutional and deprived Plaintiff of the "right to sue those who no longer had immunity due to violating her constitutional rights." [RP 317] In addition, she argued that the

5

satisfaction of judgment was "preemptory" "due to the fact that Defendants had not yet reinstated Plaintiff to her position" in accordance with the final judgment. [Id.] Plaintiff further contended that since Defendants were in breach of the satisfaction of judgment, she was withdrawing her consent to it. [RP 318] Plaintiff also contended that she was not allowed to sign a fair and equitable settlement agreement and she was forced to sign the satisfaction of judgment that is on record. [DS]

The record proper indicates that following entry of the final judgment in this case, the parties entered into settlement negotiations to satisfy it. Defendants presented Plaintiff with two options [RP 263-67], as presented to Plaintiff by her attorney in a letter dated February 7, 2002. [RP 256] Option 1 provided for reinstatement and back pay, among other elements totaling $103,718.01, plus payment of Plaintiff's attorney fees in the amount of $49,000. [Id.] Option 2 provided for a one time payment of approximately $133,349.47, plus $49,000 in attorney fee's. [RP 257] Option 2 did not provide for reinstatement. [Id.] The record proper further reflects that at a hearing before the district court on March 5, 2002, the case was settled and specific procedures for facilitating final settlement were agreed upon by Plaintiff, her counsel, and Defendants' counsel. [RP 290] At the hearing before the district court judge, Plaintiff chose Option 2 and agreed to execute the satisfaction of judgment documents relating to it. [RP 290-292] When it came time to execute the

satisfaction of judgment, however, despite her agreement to do so, Plaintiff refused to sign the documents. When Defendants sought enforcement of the agreement, Plaintiff signed the satisfaction of judgment, and in exchange she received and cashed Defendants' check in the amount of $132,165.20. [RP 280, 296]

In the second memorandum, Plaintiff continues to argue that Defendants have not complied with the final judgment. [MIO2] In doing so, Plaintiff continues to ignore the legally superceding effect of the satisfaction and release of judgment and release of all claims (the satisfaction of judgment) discussed in the second calendar notice. [Id.] Moreover, even though Plaintiff asserts that Defendants' "conduct violates the judicial process" and should be punished to deter others "from trampling upon the integrity of the Court," Plaintiff presents no facts relevant to this case that persuade us that the satisfaction of judgment was the result of Defendants misconduct or fraud. [MIO2 3-4]

As a matter of law, the satisfaction of judgment by its terms superceded and satisfied all the terms and conditions of the final judgment. Thus, there is no legal basis to conclude that Defendants are in breach of the final judgment. Plaintiff chose to receive a lump sum payment (Option 2) rather than reinstatement (Option 1). With regard to Plaintiff's allegations of fraud or duress, after hearing, the district determined that there was no factual basis for voiding the satisfaction of judgment on

7

these grounds. [Supp. RP 386-87] The fact that Plaintiff may have later wished she had not settled with Defendants or wished she had chosen reinstatement rather than a lump sum payment does not establish that the satisfaction of judgment was executed under conditions of fraud or duress. Similarly, the fact that the district court judge enforced Plaintiff's agreement to settle at the March 5, 2002 hearing also does not establish that the satisfaction of judgment was executed under conditions of fraud and duress. As discussed above, this Court does not reweigh the evidence or determine the credibility of the witnesses.

We affirm the district court's order denying Plaintiff's motion to withdraw the satisfaction of judgment due to breach.

**3. The Order Rendering Plaintiff's Motion to Compel and Motion for Contempt Moot**

In the motion to compel, Plaintiff asked the district court to enforce the district court's final judgment by reinstating Plaintiff and paying her past due amounts. [RP 309] In the motion for contempt, Plaintiff asked the district court to hold Defendants in contempt for refusing to uphold the district court's final judgment. [RP 307] As we have discussed in Issue 2, the satisfaction of judgment superceded the final judgment. In the satisfaction of judgment, Plaintiff released Defendants from any further liability to her, including reinstatement to her former position, in consideration for the payment to her of $132,165.20. [RP 280] Under the circumstances, because

8

Plaintiff executed the satisfaction of judgment and received compensation therefore, Plaintiff's motion to compel Defendants' compliance with the final judgment and her motion to hold Defendants in contempt for failing to do so, ask for relief that cannot, as a matter of law, be given. Neither the district court nor this Court can enforce the final judgment where the parties have executed the satisfaction of judgment that has superceded it. As discussed above, Plaintiff chose to receive the payment (Option 2) rather than reinstatement (Option 1). The fact that she may now wish otherwise is not grounds for setting aside the satisfaction of judgment.

Plaintiff has not provided any facts or authorities in the second memorandum that persuade this Court that the district court erred in entering the order denying Plaintiff's motion to compel and her motion for contempt. Thus, we affirm them.

**CONCLUSION**

We affirm the district court's orders.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

9

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**